OPINION
Defendant-appellant, James Briscoe, appeals the judgment by the Butler County Common Pleas Court sentencing him to prison.
Appellant pleaded guilty to attempted assault on a police officer, a felony of the fifth degree, and to misdemeanor assault. He was sentenced by the trial court to nine months in the Department of Rehabilitation and Correction on the felony charge. Appellant appeals the judgment, raising one assignment of error.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FAILING TO COMPLY WITH THE SENTENCING GUIDELINES OF THE OHIO REVISED CODE.
Specifically, appellant asserts that the trial court ignored the sentencing guidelines and implemented its own sentencing philosophy when the trial court stated at the sentencing hearing that every individual who assaults a police officer will be sentenced to prison.[1]
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
The applicable record to be examined by a reviewing court includes the presentence investigative report, the trial court record in the case in which the sentence was imposed, and any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3).
R.C. 2929.13(B) governs the sentencing of an offender who commits a fourth or fifth-degree felony. The statute does not create a presumption that an offender who commits a fourth or fifth-degree felony should be sentenced to community control rather than prison. See State v. Carr
(Jan. 31, 2000), Butler App. No. CA99-02-034, unreported, at 5. The statute gives general guidance and a disposition against imprisonment for an offender who commits a fourth or fifth-degree felony. Id.
R.C. 2929.13(B) provides a trial court with two means of imposing a prison term.
The first means is for the trial court to determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. If the court finds that at least one of the factors is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(a). If the trial court determines that the offender is not amenable to community control, and that a prison term is consistent with R.C. 2929.11
purposes and principles of felony sentencing, the court is then required to impose a prison term. R.C. 2929.13(B)(2)(a); State v. Johns (Jan. 28, 2002), Clermont App. No. 2001-05-054, unreported, at 4.
The second means for imposing a prison term is when the trial court does not make a finding that one of the imprisonment factors under R.C.2929.13(B)(1) is applicable to the offender. In this circumstance, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing by considering the seriousness and recidivism factors enumerated in R.C. 2929.12. R.C.2929.13(B)(2)(b). If the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, the trial court retains its broad discretion to impose a prison sentence. R.C. 2929.13(A); Carr at 6; Johns at 4.
The trial court stated that appellant caused physical harm to the officer, that he also attempted to cause or made actual threat of physical harm to a person and that he had a prior conviction for assault. The trial court further stated in the judgment entry that it had balanced the seriousness and recidivism factors under R.C. 2929.12 and found that prison was consistent with the purposes of R.C. 2929.11 and that appellant was not amenable to an available community control sanction.
A review of appellant's presentence investigative report shows that appellant did not have a prior conviction for assault as stated by the trial court. However, the record supports the trial court's finding that the current offense involved physical harm. The trial court made the proper findings and reasons for those findings to impose a prison sentence for the fifth-degree felony, and the record supports those findings. While the trial court made an improvident comment about its philosophy for sentencing, we find that the trial court followed the statutory sentencing guidelines for imposing a prison sentence.
Even though we reject appellant's argument that the trial court erred in imposing a prison sentence for a fifth-degree felony, our analysis of appellant's sentence is not complete. The possible sentence for a fifth-degree felony was six months to twelve months in prison. R.C.2929.14(A)(5). The trial court gave appellant a sentence of nine months in prison. The trial court must impose the minimum term for an offender who, like appellant, has not previously served a prison term unless it finds on the record either that a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). SeeCarr at 10.
When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v.Edmonson (1999), 86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum. Id.
We find no evidence in the record that appellant previously served a prison sentence. Likewise, we find no evidence in the record that the trial court made the findings that it considered the minimum sentence and found that such minimum sentence would demean the seriousness of the appellant's conduct or that the shortest prison term would not adequately protect the public from future crime by appellant pursuant to R.C.2929.14(B). Therefore, the trial court's decision to sentence appellant to a term greater than the minimum prison term is not supported by the record.
We sustain appellant's assignment of error for the reason that the trial court failed to follow the sentencing guidelines for imposing more than the minimum sentence. We reverse the judgment of the trial court pertaining to appellant's sentence and remand to the trial court for resentencing.
Judgment reversed and remanded for sentencing.
WALSH, P.J., and POWELL, J., concur.
[1] To the extent that appellant discusses the trial judge's alleged bias and prejudice, we note that Section 5, Article IV of the Ohio Constitution grants the Chief Justice or his designee exclusive jurisdiction to hear a claim that a common pleas judge is biased or prejudice and the court of appeals is without authority to void a judgment on that basis. Beer v. Griffith (1978), 54 Ohio St.2d 440, 441. We consider this appeal to the extent that appellant alleges that his sentence was contrary to law based on the trial judge's comments about his sentencing philosophy for this particular crime.